August 28, 2018
United States District Attorney
Tyler Division
211 West Ferguson Street
Room 106
Tyler, Texas 75702


Re:    **United States v. Jorge Fernando
        Mercado No. 6:18-CR-00048**

## REQUEST FOR DISCOVERY

United States District Attorney:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and other authority cited herein, the purpose of this letter is to request disclosure of the following information and documents relative to the above captioned-matter.

### Defendant's Statements - Rule 16 (a) (1) (A)

1. Any written or recorded statement made by the defendant within the possession, custody or control of the government, to include such statements presently within the possession or control of government, law enforcement officers or informants, the existence of which may become known to you through the existence of due diligence.

2. That portion of any written record containing the substance of any oral statement made by the defendant (including police or agent notes) in response to interrogation by a person then known to the defendant to be a government agent.  This request seeks relevant oral statements regardless of whether the government intends to use them in evidence.

3. I also request that you determine whether defendant has made an oral statement to any law enforcement officer or agent which the government intends to use at trial but which has not been reduced to writing.  If such a statement is found to exist, it is requested that you cause it to be reduced to writing and produced.

### Oral Statements of Co-Defendants

Any and all statements made by Co-Defendants, material to resolving any issues of severance under *Brunton v. United States*, 391 U.S. 123 (1968); *Cruz v. New York*, 481 U.S., 186 (1987); *Richardson v. March*, 481 U.S. 200 (1987).

### Defendant's Prior Criminal Record-Rule 16 (a) (1) (B)

Defendant requests a copy of his prior criminal record, including all matters known to or reasonably discoverable by the government that may affect the criminal history score under the United States Sentencing Guidelines.

## Documents and Tangible Objects-Rule 16(a) (1) (C)

This is to request that you produce the following documents (copies) and tangible objects:

  (a)  those which the government intends to use as evidence in chief at trial;

  (b) those which were obtained from or belong to the defendant (together with a description of where each item was found or obtained); and,

  (c)  those which are material to the preparation of the defense, including but not limited to documents and tangible objects relevant to any "other offense" evidence that the government intends to introduce at trial under Rule 404(b).  I would consider all documents and objects which have been obtained or confiscated by the government from outside sources during its investigation(s) of this case to be material to the preparation of the defense and therefore producible; and request notice of any government decision to refrain from producing any such materials, so that a judicial decision as to production may, if warranted, be sought.

## Reports of Examinations and Tests-Rule 16 (a) (1) (D)

Defendant requests production of copies of all results or reports of physical or mental examinations and scientific tests or experiments which are in the government's possession, custody or control, or the existence of which may become known to the government through the exercise of due diligence, which have been obtained or ordered (upon receipt by the government) relative to this case, in that they would be material to preparation of the defense.  Please advise me of any decision to refrain from producing any such materials, so that a judicial decision as to production may, if warranted be sought.

## Summaries of Expert Testimony-Rule 16 (a) (1) (E)

 This is to request that you prepare and provide me with a written summary f any expert testimony which the government intends to offer in evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence in its case-in -chief, to include a description of the witnesses' qualifications.

## Exculpatory Evidence

All evidence which is known to the government, or through the exercise of due diligence could become known, which is material to the defense and the issue of guilt or punishment.  Fed. R. Crim. P. 16 (a) 1 (C).

## Search and/or Arrest Warrants and/or Title III Applications and Warrant/Application Affidavits/Inventories

Copies of any and all search and/or arrest warrants, together with the warrant affidavits(s) relied upon during the course of the investigations; and, any inventories prepared. Fed. R. Crim. P. 16 (a) (1) (C).

## Evidence of Bias or Motive to Lie

The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Richie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

## Evidence of Criminal Investigation of any Government Witness

The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct.  *United States v. Chitty*, 760 F.2d 425 (2nd Cir.), cert. denied, 474 U.S. 945, (1985).

## Evidence Affecting Perception, Recollection, Ability to Communicate Truth Telling

The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F. 2d 213, 224 (4th Cir. 1; 1980) *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601  F. 2d 785 (5th Cir. 1979), cert, denied, 444 U.S. 1086 (1980).   Rule 12 (d) (2) Notice

Defendant requests notice of the government's intention to use in evidence in chief at trial any evidence that the defendant may be entitled to discover under Rule 16.

## Other Offense Evidence- Rule 404 (b)

Defendant requests notice of the nature of any "other offense" evidence which the government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects which the government intends to introduce in evidence in connection with such other offense evidence; and documents material to the preparation of the defense in opposition to said other offense evidence; and, any written or oral statement made by the defendant relevant to said other offense evidence, as such statements are defined in Rule 16(a) (1) (A).  See Rul 404 (b), Federal Rules of Evidence; Rule 16(a) (1) (C), Federal Rules of Criminal Procedure.

## Brady Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 514 U.S. 419 (1995), I request that you provide me with any exculpatory material that exists on this case or is reasonably discoverable to the government relating to the guilt and/or punishment.  Should you have any question with regard to  whether certain information constitutes Brady material, it is requested that such information be presented tot he court for an in camera determination as to whether it should be produced and that I be provided notice that an in camera presentation is being made.

## Jencks Act Material

The defense requests all material to which the defendant is entitled to the Jencks Act, 18 U.S.C. §3500.  The defendant specifically requests pretrial production of these statements so that the court may avoid necessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

**Giglio Material**

Defendant requests, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, that the government produce any information known or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness expected to be called to testify by the government at trial.  Such information should include but not be limited to: (a) the witness' prior criminal record to include pending cases; (b) any known instance of the witness having made a false statement to a law enforcement officer either before or after arrest in the instant case, or while under oath; (c) any direct or implied promises of benefit or leniency in whatever form, known to have been made with respect to this or any other case; (d) information, if any, related to the length and extend of the witness' addiction to narcotic drugs; and (e) the name and addresses of any person (s) known to the government to whom the witness has made statements concerning the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers.

**Government Examination of Law Enforcement Personnel Files**

The defendant requests that the government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents in this case.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v, Henthorn*, 931 F. 2d (9th Cir. 1991).

The requests made above are a continuing nature and presume that you will forward such information to me as it becomes available to the government.  I will make every effort, if necessary, to reschedule my time so as to accommodate any reasonable arrangements that can be made with necessary, to reschedule my time so as to accommodate any reasonable arrangements that can be made with respect to the inspection of physical exhibits which cannot be copied.  I would however appreciate your assistance in ensuring that discoverable material is made available as early as possible so as to avoid any unnecessary inconvenience to the court in dealing with last minute motions or delays related to preparation for trial.

I am also requesting on behalf of my client that you advise the investigating law enforcement officers in the case that he desires that they refrain from initiating any contact with him, except with prior notification to, and in the presence of, his attorney.

If I can be of further assistance with regard to this matter, please feel free to contact me.

Very truly yours,

/s/ Matthew Scott Pillado

Matthew Scott Pillado